IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Jaime Ramos, individually and on behalf of other employees similarly situated, Plaintiffs

v.

Los Panchos Restaurant & Taqueria, Inc., and Disp Pack Corporation, Defendants.

## COMPLAINT

NOW COMES the Plaintiff, Jaime Ramos, individually, and on behalf of other employees similarly situated, (hereinafter, "Plaintiff") through counsel, pursuant to 29 U.S.C. § 201 *et seq.*, commonly known as the Fair Labor Standards Act (hereinafter, "FLSA"), 820 ILCS § 105/1 *et seq.*, commonly known as the Illinois Minimum Wage Law (hereinafter "IMWL"), and 820 ILCS § 115/1 *et seq.*, commonly known as the Illinois Wage Payment and Collection Act (hereinafter "IWPCA") and complains against Los Panchos Restaurant & Taqueria, Inc. (hereinafter, "Los Panchos") and Disp Pack Corporation (hereinafter, "Disp Pack") (collectively, "Defendants") and in support of this Complaint, states:

## INTRODUCTION

1. This action seeks redress for Defendants' willful violations of the FLSA, 29 U.S.C. § 201 *et seq.* and the IMWL, 820 ILCS § 105/1 *et seq.*, for Defendants' failure to pay Plaintiff and other similarly situated employees overtime wages for hours worked in excess of forty (40) hours in a week.

2. Plaintiff also seeks redress for Defendants' violation of the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.*, for Defendants' failure to pay Plaintiffs for all time worked at the rate agreed to by the parties.

3. Upon information and belief, Defendants have failed to keep proper time records tracking Plaintiff's time worked and have failed to post a notice of rights.

4. Defendants' unlawful compensation practices have, and have had, the effect of denying Plaintiff and other similarly situated Plaintiffs their earned and living wages.

5. Plaintiff's FLSA collective action consent form is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

6. This Honorable Court has subject matter jurisdiction over the federal wage claims through 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337 (actions arising under acts of Congress relating to commerce). This Honorable Court has supplemental jurisdiction over the Illinois wage claims through 28 U.S.C. § 1367 because they are so related to Plaintiff's claims within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is properly placed in the Northern District of Illinois, Eastern Division, through 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

### Plaintiff

8. Plaintiff was employed by Defendants in Cook County, Illinois, which is in this judicial district.

9. During the course of his employment, Plaintiff handled goods that moved or that were intended to move in interstate commerce.

10. During the course of his employment, Plaintiff was an "employee" as defined by the FLSA, 29 U.S.C. §201 *et seq.*, the IMWL, 820 ILCS 105/1 *et seq.,* and the IWPCA, 820 ILCS 115/1 *et seq*.

### Defendants

11. Defendant Los Panchos is an entity doing business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

12. Based on information and belief, Los Panchos has annual gross sales of $500,000.00 or more.

13. Los Panchos is located at 4141 W. 63rd St., Chicago, IL 60629.

14. Los Panchos was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS § 105/3, and the IWPCA, 820 ILCS § 115/1 *et seq*.

15. Defendant Disp Pack is an entity doing business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

16. Based on information and belief, Disp Pack has annual gross sales of $500,000.00 or more.

17. Disp Pack is located at 6550 S. Lavergne Park, IL 60638.

18. Disp Pack was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS § 105/3, and the IWPCA, 820 ILCS § 115/1 *et seq*.

19. Defendants Los Panchos and Disp Pack were "joint employers" of Plaintiff, as that term is defined by 29 C.F.R. § 791.2(a).

20. Defendants Los Panchos and Disp Pack had joint control over the job duties and responsibilities of Plaintiff.

21. Both Defendants Los Panchos and Disp Pack had the power to hire and fire Plaintiff.

22. Plaintiff, and other similarly-situated employees of Defendants, handled goods which moved in interstate commerce.

## FACTS

23. Plaintiff started working for Defendants on October 5, 2002.

24. Plaintiff kept track of his hours worked.

25. Plaintiff was paid $8.25 per hour by Defendants.

26. Plaintiff was paid on a weekly basis by Defendants.

27. Plaintiff was required by Defendants to work at both Los Panchos and Disp Pack.

28. In multiple workweeks that Plaintiff worked for Defendants, Defendants failed to pay Plaintiff for all hours worked at the rate agreed to by the parties.

29. Throughout the course of Plaintiff's employment with Defendants, Defendants scheduled Plaintiff to work in excess of forty (40) hours per week in one or more individual work weeks.

30. Throughout the course of Plaintiff's employment with Defendants, Plaintiff did work in excess of forty (40) hours per week in one or more individual work weeks.

31. In the three (3) years prior to Plaintiff filing this Complaint, other class members employed by Defendants also worked in excess of forty (40) hours per week in one or more individual work weeks.

32. Defendants' failure to pay Plaintiff for all hours worked meant that they also failed to pay Plaintiff overtime wages at time and a half his regular hourly rate for hours worked in excess of forty (40) hours in a workweek.

33. Neither Plaintiff nor the class members are exempt from the overtime provisions of the FLSA or the IMWL.

34. Defendants failed to pay Plaintiff or the class members a rate not less than one and a half (1.5) times their regular rate at which they were employed when they worked over forty (40) hours in a given workweek.

## COUNT I: VIOLATION OF THE FLSA
### Overtime Wages

35. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

36. Plaintiff and the members of the class were directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

37. Defendants did not compensate Plaintiff or members of the class at a rate of at least one and one-half (1.5) times their regular hourly rate of pay for all hours worked in excess of forty (40) hours in their individual workweeks, as described in paragraphs 29-32, *supra*.

38. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week violated the FLSA.

39. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

40. Plaintiff and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA.

B. Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiff and other similarly situated employees in excess of forty (40) hours in individual work weeks;

C. Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

D. Declare Defendant to be in violation of the FLSA;

E. Enjoin Defendant from violating the FLSA;

F. Award reasonable attorneys' fees and costs; and

G. Grant such additional or alternative relief as this Court deems just and proper.

## COUNT II: VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW
### Overtime Wages

41. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

42. This Count arises from Defendants' failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks in violation of the IMWL, as described in paragraphs 29-32, *supra*.

43. Defendants directed Plaintiff to work, and Plaintiff did work, in excess of forty (40) hours in individual work weeks.

44. Plaintiff was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

45. Defendants did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

46. Defendants violated the IMWL by failing to pay Plaintiff overtime wages for all hours worked in individual work weeks.

47. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enter a judgment in the amount of overtime wages due to Plaintiff as provided by the IMWL;

B. Award Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendant has violated the IMWL;

D. Enjoin Defendant from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

### COUNT III – VIOLATION OF THE IWPCA
### Unpaid Wages

48. All allegations contained in all preceding paragraphs are re-incorporated by this reference as if fully set forth herein.

49. The IWPCA (820 ILCS § 115/1) applies to all employers and employees in Illinois (except employees of the State or Federal governments).

50. The IWPCA (820 ILCS § 115/2) defines an "employee" as "any individual permitted to work by an employer in an occupation . . . ."

51. The IWPCA (820 ILCS § 115/2) defines an "employer" as any individual, corporation, or limited liability company "for which one or more persons is gainfully employed."

52. Plaintiff is an individual permitted to work by Defendants in an occupation.

53. Defendants are corporations for which Plaintiff was gainfully employed.

54. Plaintiff was Defendants' employee, and Defendants were Plaintiff's employer.

55. The IWPCA (820 ILCS § 115/3) states (inter alia) that "[e]very employer shall be required, at least semi-monthly, to pay every employee *all* wages earned during the semi-monthly pay period" and (820 ILCS § 115/2) defines wages as "any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties, whether the amount is determined on a time, task, piece, or any other basis of calculation." (emphasis added)

7

56. Plaintiff and the Defendants had a mutual assent that Defendants would pay Plaintiff all wages earned during the relevant pay period at their regular hourly rate.

57. Defendants had a statutory duty to pay Plaintiffs all wages earned during the relevant pay period.

58. Defendant has not paid Plaintiffs all wages earned during the relevant pay period and have therefore violated the IWPCA.

59. The IWPCA statute of limitations is ten (10) years pursuant to 735 ILCS § 5/13-206.

WHEREFORE, this Honorable Court is respectfully requested to enter judgment against all Defendant for the following relief:

A. judgment for all unpaid wages and compensation due as provided by the IWPCA;

B. prejudgment interest pursuant to 815 ILCS § 205/2;

C. damages pursuant to 820 ILCS § 115/14(a);

D. reasonable attorneys' fees and costs incurred in prosecuting this action; and

E. any other relief this Honorable Court deems just.


Respectfully submitted,

**/s/ Raisa Alicea**
Raisa Alicea
Consumer Law Group, LLC
6232 N. Pulaski, Suite 200
Chicago, IL 60646
Office: 312-800-1017
ralicea@yourclg.com

One of Plaintiff's attorneys